## No. 9064.

### WM. H. AYMAR VS. A. L. BOURGEOIS, SHERIFF, ETC.

In an injunction suit to restrain the tax collector from proceeding in a sale for taxes, when the validity of the assessment and taxes has been sustained by a prior judgment which has become *res adjudicata*, the tax debtor stands in the position of a judgment debtor and the test of our jurisdiction is the amount of the tax claim, exclusive of interest.

APPEAL from the Twenty-second District Court, Parish of St. James. *Cheevers*, J.

*Blanc & Butler* and *R. Dugué* for Plaintiff and Appellant.

*F. B. Earhart*, District Attorney, and *Sims & Poché*, for Defendant and Appellee.

---

The opinion of the Court was delivered by

FENNER, J.    This is a writ to enjoin a sale of plaintiff's property for taxes, wherein the plaintiff alleges that the defendant, sheriff and tax collector, "in attempting to enforce and collect from petitioner certain pretended taxes or tax claims, to wit: a State tax of 1875 for $362 50; a State tax of 1876 for $337; a parish tax of 1876 for $237 50; pretending that said claims, with interest and costs, are due upon and bear against property of petitioner," etc.  The petition contains no other jurisdictional allegations and the record is barren of any evidence as to the amount of *costs* due on said taxes at date of suit.

The plaintiff, who is appellant, claims that there were certain charges due on said taxes under express provisions of law which formed part of the claim for which the sheriff was about to sell the property.  He specifies:  1. Collector's fees of four *per cent*, under sections 16 and 17 of Act 98 of 1882; and, 2. Sheriff's commissions for making sale.

As to the first, it does not appear, under the terms of the law, that the same would have been collectible as costs from plaintiff, but for this injunction proceeding, since the law says: "He shall be allowed

four per cent on the amounts collected from tax sales, to be collected as costs, should he be prevented by injunction or otherwise from collecting said taxes and costs." In other cases, the four per cent allowed the tax collector is paid by the State. Therefore, this item was not due at date of suit, but became exigible by reason of the suit.

As to the item for commissions, that would have become due only in case of actual sale.

The fee allowed in favor of the State's attorney likewise arose only in consequence of plaintiff's suit and must, likewise, be excluded in determining amount involved.

If we were to allow all the other items of costs mentioned in plaintiff's brief, as estimated by himself, they would not be sufficient to bring the matter in dispute up to $1000, exclusive of interest.

Plaintiff has filed an affidavit in this case, swearing in most general terms and without any supporting evidence, "that at the moment of instituting this suit the demand for taxes, fees, commissions, costs and printing, exceeded $1000." Even if we were to consider this affidavit, it is obviously predicated upon the items above mentioned, which we have excluded.

No question of the legality or constitutionality of the tax is presented. On the contrary, the taxes are incontestably due by plaintiff, having been so finally adjudicated in a former suit. And this, we may say, inclines us to consider very strictly his attempt to prolong this litigation by the present appeal.

His pretension that our jurisdiction is to be measured by the value of the property seized, is without merit. He stands in the precise position of a judgment debtor seeking to enjoin the execution of a judgment against himself. Marsh vs. Briant, 9 Rob. 7.

In the case of Shannon vs. Lane, 33 A. 491, we said: "The assessment, the record of the delinquent list and the tax collector's sale, are the precise equivalents of judgment, seizure and execution sale."

He has only to pay the debt which it has been judicially determined he owes, in order to obtain complete relief. It is elementary that that debt is the measure of our jurisdiction.

Appeal dismissed at appellant's cost.

Rehearing refused.